UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

|  |  |
|---|---|
| **ROLANDO ROSANO VASQUEZ,** <br> **a.k.a: ROLANDO ROSANO, JR.,** <br>     PLAINTIFF, <br> V. <br> **MICHAEL R. POMPEO, Secretary Of State** <br> **THE UNITED STATES OF AMERICA** <br>     **DEFENDANTS** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

ROLANDO ROSANO VASQUEZ (hereinafter, "Mr. Rosano"), files this Complaint for Declaratory and Injunctive Relief, under 28 U.S.C. §1331 (federal question), and 8 U.S.C. §1503(a), (denial of right or privilege as a U.S. citizen), with 28 U.S.C. §2201 (Declaratory Judgment Act), and 5 U.S.C. §702 et seq. (Administrative Procedure Act).

**I. JURISDICTION AND VENUE**

1.  Jurisdiction lies under 28 U.S.C. §1331 (federal question), and 8 U.S.C. §1503(a) (denial of rights or privileges as a U.S. Citizen). The denial of rights and privileges of the Plaintiff because of his status as a national of the United States did not arise by reason of, or in connection with any removal proceeding under any law or act, or is in issue in any removal proceeding.

2.  Mr. Rosano's application for a U.S. passport was denied on January 30, 2017, which is within five years of filing the instant action.

3.  Mr. Rosano currently resides in Mission, Texas, within the jurisdiction of this Court.

## II. PARTIES

4. ROLANDO ROSANO VASQUEZ ("Mr. Rosano") was born in Laredo, Texas, on February __, 1978.

5. Defendant MICHAEL R. POMPEO is the duly appointed Secretary of State of the United States, and is sued in his official capacity only. The United States is also a named defendant.

## III. THE FACTS

6. Mr. Rosano Vasquez was born in Laredo, Texas, at 6:20 p.m. on Thursday, March____, 1978, to Rolando Rosano, Sr. (hereinafter "Mr. Rosano, Sr.") and Yolanda Vasquez (hereinafter "Mrs. Vasquez"). Mr. Rosano Vasquez's birth was duly registered in Laredo, Texas six days after his birth.[1]

7. In 1979, when Mr. Rosano Vasquez was 20 months old, and residing with mother and his maternal grandparents in Nuevo Laredo, Tamaulipas, Mexico ("Nuevo Laredo"), he was baptized in a Catholic Church in Nuevo Laredo, Mexico.[2] His Baptismal Certificate indicates that he was born on ____, 1978, in Laredo, Texas, which is consistent with his Texas registered birth certificate.

8. At that time of Mr. Rosano's birth, his father, Mr. Rosano, Sr., was legally married to Petra Guadalupe Leal (hereinafter "Mrs. Leal"). They had four children born into their marriage: (1) Karina, born in 1974; (2) Patricia, in 1968; (3) Rolando, Jr., in 1969; and, (4) Juan Antonio, in 1970. These four children were born in McAllen, Texas, attended by a medical doctor at a clinic, and their births were duly and timely registered with the Texas Department of Health.

---

[1] *See,* Exhibit 1 (Plaintiff's Texas Birth Certificate)
[2] *See,* Exhibit 2 (Plaintiff's Baptismal Certificate)

9. On or about 1983, when Mr. Rosano was 5 years old, Mr. Rosano, Sr., took Mr. Rosano Vasquez to live with him and his wife, Mrs. Leal, because Mrs. Vasquez was unable to care for him. Mr. Rosano, Sr., then registered Mr. Rosano's birth in September of 1983, in Nuevo Laredo[3] as having occurred there on November __, 1977, so Mr. Rosano Vasquez could enroll in school in Mexico in 1984.

10. On August 16, 1984, Mr. Rosano biological mother, Mrs. Vasquez, passed away.[4] Mr. Rosano, Sr. and his wife raised Mr. Rosano Vasquez along with their four other children.

11. In 1990, Mr. Rosano came to the United States, entering as a U.S. citizen and has been residing here ever since.

12. In the morning of May 21, 1998, after a short trip into Mexico, Mr. Rosano returned to the United States, seeking entry through the Port of Entry at Hidalgo, Texas. He presented his Texas birth certificate to the examining immigration officials as proof of his right to enter the United States. The examining official determined that Mr. Rosano was not a U.S. citizen. Within hours of his arrest, Mr. Rosano was taken before a United States Magistrate in the Southern District of Texas, McAllen Division and charged in Case Number M-98-2370, with knowingly attempting to gain illegal entry into the United States by claiming to be a United States citizen and presenting a birth certificate that was in the name of another. Without the assistance of counsel, Mr. Rosano pleaded guilty to the charge. He received a sentence of 90 days, which was suspended for three years. Mr. Rosano was then removed to Mexico.

13. Nine months later, Mr. Rosano returned to the United States. He presented himself at a Port of Entry, claiming to be a United States citizen and presented his Texas birth certificate. Upon examination by an immigration official, Mr. Rosano was admitted into the United States.

---

[3] *See,* Exhibit 3 (Plaintiff's Mexican Birth Certificate)
[4] *See,* Exhibit 4 (Death Certificate of Yolanda Vasquez Puente)

14. On May 18, 2009, Mr. Rosano applied for a U.S. passport card using his Texas birth certificate as proof of his United States citizenship. The U.S. State Department did not issue the card. On September 21, 2010, Mr. Rosano reapplied. This time, the U.S. State Department issued Mr. Rosano a United States passport card with number C03075609 as proof of his United States citizenship.

15. On June 21, 2012, after a short trip into Mexico, Mr. Rosano sought entry into the United States through the Port of Entry at Hidalgo, Texas. He was arrested and the next day, on June 22, 2012, and was charged with making a false statement in an application for a United States passport and falsely and willfully representing himself to be a citizen of the United States in violation of 18 U.S.C. §§ 1542 and 911. Mr. Rosano was detained without bond. He was formally indicted on July 10, 2012, in U.S. District Court for the Southern District of Texas, McAllen Division, in case No. M-12-1060. By Court Order dated September 27, 2012, Mr. Rosano was referred for a mental competency assessment where he was being held at the Federal Medical Center in Lexington, Kentucky.

16. Within a week of the indictment, on July 17, 2012, the State Department notified Mr. Rosano that his United States citizen passport had been revoked. The U.S. State Department determined that Mr. Rosano had not been born in the United States. The State Department found that Mr. Rosano's Mexican Birth certificate had been registered in 1977, showing that he was born on November 29, 1977. Thus, the State Department found that the Mexican Birth certificate had been issued prior to the Texas Birth certificate that was issued in 1978. The State Department's finding was clearly an erroneous reading of the Mexican Birth certificate, which is written in clear modern English alphabet letters and in plain Arabic numbers and states that it was registered on September 5, 1983.

17.     On January 17, 2013, the Forensic Report found that Mr. Rosano suffers from severe mental illness or mental defect sufficient to preclude his ability to proceed competently in his pending criminal proceeding.  As a result, on March 5, 2013, the government filed a motion, to dismiss the charges in case No. M-12-1060 against Mr. Rosano.  On March 6, 2013, U.S. District Judge Micaela Alvarez granted the motion and dismissed the case.  Mr. Rosano was then transferred to Immigration and Customs Enforcement (I.C.E.) custody.

18.     On April 4, 2013, after 9 months of detention, Mr. Rosano was released.  He was not placed in removal proceeding and none are pending.  Nonetheless, the Order of Release requires Mr. Rosano to periodically report in person to a Deportation Officer in Harlingen, Texas.  Thus, his liberty and freedom as a United States citizen has been infringed.

19.     On at least three occasions between June 17, 2013 and April 28, 2014, Mr. Rosano submitted written requests to the U.S. Department of State to reconsider the revocation of his passport.   On or about April 30, 2014, Mr. Rosano Vasquez again applied for a U.S. passport in McAllen, Texas.  By letters dated January 26, 2015; April 28, 2015; November 25, 2015; and February 18, 2016, the State Department requested additional evidence in connection with Rolando's latest passport application. Mr. Rosano mailed the requested documents and information for each request. On January 30, 2017, the State Department denied Mr. Rosano's request for the issuance of the U.S. passport.[5]

### IV.   CAUSES OF ACTION

#### A.   DECLARATORY JUDGMENT

20.    Plaintiff incorporates by reference the allegations of ¶¶ 1 - 19, supra.

---

[5] *See,* Exhibit 5 (State Department denial letter of January 30, 2017)


21. By virtue of the refusal of the Department of State to issue him a United States Passport, Mr. Rosano has been denied a right or privilege claimed as a national of the United States, within the meaning of 8 U.S.C. §1503(a). Therefore, he is entitled to bring a declaratory judgment action, seeking a declaration that he is, indeed, a United States citizen, under 28 U.S.C. §2201.

### B. CORRESPONDING INJUNCTIVE RELIEF

22. Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

23. Pursuant to 28 U.S.C. § 2201 and 8 U.S.C. § 1503, an injunction must be issued enjoining Defendant POMPEO from revoking or refusing to renew or replace Mr. Rosano's U.S. passport once issued.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court issue a Declaratory Judgment, declaring ROLANDO ROSANO VASQUEZ to be a U.S. citizen, by virtue of his birth in Laredo, Texas, on February ___, 1978. It is also urged that the Court vacate the denial of Plaintiff's passport application and order Defendant to re-adjudicate his application, taking due notice of this Court's finding that he was born in Laredo, Texas.

It is further urged that this Court issue a permanent injunction, restraining and enjoining Defendant from revoking or refusing to renew or replace Mr. Rosano's U.S. Passport, once issued, absent significant new evidence, and without giving him prior notice and an opportunity to rebut such evidence prior to revocation or denial of an application for a new passport.

Finally, it is also urged that the Court grant such other and further relief as the Court may consider appropriate, including costs and attorney fees.

Respectfully submitted,

*/s/ Miriam A. Ayala*
Law Office of Ayala & Acosta, PLLC
721 E. Esperanza Avenue
McAllen, Texas 78501
Tel: (956) 627-4051
Fax: (956) 627-4284
Email: mayala@ayala-acosta.com.
Texas Bar No. 24073209
Federal ID No. 1401580

## Verification of Counsel

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, I, Miriam A. Ayala, hereby certify that I am familiar with the facts as stated above, and that they are true and correct to the best of my knowledge and belief. I certify to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that the instant Complaint for Declaratory and Injunctive Relief:

(1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

/s/ _____
Miriam A. Ayala

## CERTIFICATE OF SERVICE

I, Miriam A. Ayala, hereby certify that, on the 1st day of August 2019, a copy of the Plaintiff's Complaint for Declaratory and Injunctive Relief was served by First Class Mail to:

Hon. Michael R. Pompeo
United States Secretary of State
Office of Legal Affairs
2201 C. Street N.W.
Washington, D.C. 20520

Office of the United States Attorney
1000 Louisiana St., Room 2300
Houston, TX 77002

United States Attorney General
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

/s/ *Miriam A. Ayala*
**Miriam A. Ayala**